NOT RECOMMENDED FOR PUBLICATION
File Name: 20a0283n.06

No. 19-5891

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED** |
| | ) | May 19, 2020 |
| Plaintiff-Appellee, | ) | DEBORAH S. HUNT, Clerk |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| THOMAS J. BIGSTAFF, III, | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF KENTUCKY |
| Defendant-Appellant. | ) | |
| | ) | |

Before: GILMAN, KETHLEDGE, and MURPHY, Circuit Judges.

KETHLEDGE, Circuit Judge. Thomas Bigstaff pled guilty to growing marijuana plants on his Kentucky farm. The district court sentenced him to the mandatory minimum of 60 months' imprisonment, based on its finding that Bigstaff was responsible for 6,884 marijuana plants. Bigstaff argues that he was responsible for only 93 plants. We reject his arguments and affirm.

Bigstaff owned 450 acres on which he maintained a greenhouse business and his home. Across the street from this property, Bigstaff also managed 850 acres that belonged to his neighbors, Walter and Whitney Jones. In 2017, the Kentucky State Police flew over these two properties and spotted marijuana plants. During a later search of the properties, officers seized 93 plants from a trailer near Bigstaff's home, 2,585 plants from seven outdoor plots spread across his property, and 4,206 plants from a single outdoor plot on the Joneses' property. Bigstaff admitted that he grew the plants in the trailer, but denied any involvement with the outdoor plants. He later

pled guilty to the manufacture of 100 or more marijuana plants, in violation of 21 U.S.C. § 841(a)(1).

During a two-day sentencing hearing, the government presented evidence that the outdoor plants had been transplanted as seedlings from another site, that Bigstaff's trailer had equipment for transplanting seedlings, and that the outdoor grow sites on both properties were part of a single operation. Bigstaff's former daughter-in-law also testified that she had repeatedly seen Bigstaff in close proximity to the outdoor sites. Bigstaff's only witness testified—not credibly, in the district court's opinion—that he had hunted on "every inch" of the properties, but had never seen the marijuana plots. The court found over Bigstaff's objection that he was responsible for all 6,884 plants on the properties—the equivalent of 688 kilograms of marijuana. The presentence report recited a mandatory-minimum sentence of 60 months. Bigstaff later argued that he was eligible for an exception (the "safety valve") to the mandatory minimum. *See* 21 U.S.C. § 841(b)(1)(B)(vii); 18 U.S.C. § 3553(f). The court disagreed, finding that Bigstaff had not provided the government with a full and truthful account of his involvement with the outdoor marijuana plants. The court then sentenced Bigstaff to the mandatory-minimum sentence of 60 months. This appeal followed.

Bigstaff first argues that the district court erred when it found him responsible for the outdoor plants. The government must prove drug quantity to the sentencing court by a preponderance of the evidence, and we review the court's finding for clear error. *United States v. Russell*, 595 F.3d 633, 646 (6th Cir. 2010).

Bigstaff disputes only that he grew the outdoor plants. At sentencing, the government presented evidence that the outdoor plants on Bigstaff's property had been transplanted using cloning materials from another location, and that cloning materials had been found in Bigstaff's

trailer (along with the 93 marijuana plants there). Some of the outdoor plots were only a few hundred yards from either Bigstaff's home, business, or trailer; the road leading to the largest plots passed by Bigstaff's home. And the plots were conspicuous: there were clearings with trees felled by chainsaws, a plot surrounded by barbed wire, stumps painted green to avoid aerial detection, campsites, and basins and tubes for irrigation. The marijuana plot on the Joneses' property likewise had equipment out in the open, a campsite, and painted green stumps. Although Bigstaff did not own or rent this property, a government witness testified that Bigstaff controlled access to it by means of a locked gate. Moreover, Bigstaff's former daughter-in-law, Kristianna Apodaca, testified that Bigstaff actively participated in the cultivation of the outdoor marijuana. Bigstaff suggests that various tenants and lessees might have been responsible for the outdoor plants, but Apodaca testified that the marijuana plots were present before those third parties arrived on the property. Ample evidence therefore supports the district court's finding that Bigstaff was responsible for all the plants seized on the properties.

That conclusion likewise forecloses Bigstaff's argument that he was eligible for safety-valve relief, since he concedes that he denied to law enforcement that he had any involvement with the outdoor plants. *See* 18 U.S.C. § 3553(f)(5); *United States v. Barron*, 940 F.3d 903, 917 (6th Cir. 2019).

The district court's judgment is affirmed.